# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br>        Plaintiff,<br>    v.<br>MONTEREY & RANCHO PLAZA, et al.,<br>        Defendants. | Case No. 18-cv-05718-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' ANSWER AND ENTER DEFAULT**<br><br>[Re: ECF 35] |

Plaintiff Scott Johnson brings this action against Defendants Monterey & Rancho and Tony Dimaggio's Stromboli & Pizza, Inc. (together, "Defendants") alleging violations of the Americans with Disabilities Act and the Unruh Civil Rights Act. Compl., ECF 1. On October 23, 2018, Defendants filed an Answer. ECF 11. Before the Court is Plaintiff's Motion to Strike Defendants' Answer and Enter Default. Motion, ECF 35. Defendants have not filed an opposition. For the reasons discussed below, the Court GRANTS Plaintiff's Motion to Strike.

## I.  BACKGROUND

Plaintiff is a level C-5 quadriplegic who cannot walk and has significant manual dexterity impairments. Compl. ¶ 1. In May, June, and July of 2018, Plaintiff visited Tony Dimaggio's Pizza located at 3852 Monterey Street, San Jose, California (the "Restaurant") and found it ill-equipped to serve those with disabilities. *Id.* ¶¶ 14-53. Plaintiff specifically alleges, for example, that there were no accessible parking spots for persons with disabilities at the Restaurant; that the transaction counters were not kept clear for persons with disabilities; that Plaintiff could not use the door knobs; and that the bathroom was improperly configured for someone with a wheelchair and the disabilities that Plaintiff has. *Id.* On October 23, 2018, Defendants filed their answer. *See generally* Answer.

On June 24, 2019, Plaintiff notified the Court that a global settlement was reached in the case and requested that all deadlines be vacated, "with the expectation that the Joint Stipulation for

1   Dismissal with prejudice as to all parties will be filed within 60 days." ECF 21; *see also* Decl. of
2   Chris Carson ¶ 2 ("This matter settled in principle on June 21, 2019 via email. A draft of the
3   Settlement Agreement was provided by Plaintiff's counsel to Defendant's counsel, Michael Welch,
4   that same day."), ECF 33.  Accordingly, the Court vacated all court dates and odered the parties to
5   "file a stipulated dismissal or a status report re settlement within 60 days." ECF 22.  After numerous
6   failed attempts to contact Defendants, Plaintiff filed a Notice of Inability to Consummate Settlement
7   on August 19, 2019, requesting that the Court return the case to the active calendar.  ECF 23.  On
8   August 20, 2019, the Court ordered Defendants to file a status report regarding the settlement.  ECF
9   24.  To date, Defendants have not responded to the Court's Order.  Motion at 2.

10   On September 9, 2019, the Court set a case management conference for September 12, 2019.
11   ECF 25.  Counsel for Defendants failed to appear at the case management conference, and the Court
12   issued an Order to Show Cause by September 26, 2019.  ECF 28.  On November 18, 2019, the Court
13   issued a Corrected Order to Show, fixing the date of the case management conference and extending
14   the deadline for Defense Counsel to file a written response by December 2, 2019.  ECF 30.  Counsel
15   for Defendant did not respond, and on January 28, 2020 the Court imposed $250 in sanctions.  ECF
16   31.  To date, Defense Counsel has not responded to any of the orders to show case or the order
17   imposing sanctions.

18   On June 8, 2020, the Court, once again, ordered the parties to file a status report regarding
19   the settlement by June 22, 2020.  ECF 32.  On June 22, 2020, Plaintiff's counsel filed a declaration
20   indicating Defendants' abandonment of the case and explaining that Plaintiff intends to file a Motion
21   to Strike the Answer.  *See generally* Decl. of Chris Carson.  On July 13, 2020, Plaintiff filed the
22   present Motion seeking to strike Defendants' Answer and entry of default.

23   **II.   LEGAL STANDARD**

24   "District courts have inherent power to control their dockets" and "[i]n the exercise of that
25   power they may impose sanctions including, where appropriate, default or dismissal." *Thompson*
26   *v. Housing Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986).  Federal Rule of Civil Procedure
27   16(f) provides that if a party or its attorneys "fails to appear at a scheduling or other pretrial
28   conference" or "fails to obey a scheduling or other pretrial order," the court "may issue any just

1  orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)." *See also*, *Bd. of Trustees of Laborers Health & Welfare Tr. Fund for N. California v. Kudsk Const., Inc.*, No. C 12-165 CW, 2012 WL 3010981, at *1 (N.D. Cal. July 23, 2012) (striking defendants' answer and directing entry of default). Rule 37(b)(2)(A)(ii)-(vii) authorizes a court to strike pleadings in whole or in part. *Id.* "Where the sanction results in default, the sanctioned party's violations must be due to the willfulness, bad faith, or fault of the party." *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012) (quoting *Jorgenson v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003)). "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." *Jorgenson*, 320 F.3d at 912.

## III. DISCUSSION

Courts consider five factors before striking a pleading or declaring default: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Hester*, 687 F.3d at 1169.

The first three factors favor granting Plaintiff's Motion. Defendants' conduct has prevented the Court from setting a proper schedule and the case from proceeding. Defendants disobeyed the Court in the following instances: (1) failed to respond to the Court's order directing Defendants to file a status report regarding settlement (ECF 25); (2) failed to appear at the September 12, 2019 case management conference (ECF 28); (3) failed to respond to order to show cause regarding Defendants' non-appearance at the September 12, 2019 case management conference (ECF 30); (4) failed to respond to the Court's order imposing sanctions (ECF 31); and (5) failed to respond to the Court's order directing parties to submit a written status on settlement (ECF 32).

In his Motion, Plaintiff argues that Defendants have clearly abandoned the case. Motion at 4. The Court agrees. Despite several attempts by the Court and Plaintiff's counsel, Defendants have failed to respond to numerous orders from the Court and have taken no action to resolve or litigate this case for over a year. Defendants' silence and nonappearances have prejudiced Plaintiff and his ability to resolve the case on its merits.

Courts often weigh the fourth factor in favor of not striking a pleading or a default. However,

1  "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *In re. Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). As such, the fourth factor also favors striking Defendants' Answer.

As to the fifth factor, the Court has given Defendants several opportunities to defend themselves through case management conference, orders to show case, and imposition of monetary sanction. Still, Defendants have failed to respond. Thus, less drastic sanctions have been used here to no avail. Indeed, many courts have ruled that when a defendant fails to appear and fails to comply with court orders, striking the answer and entering default is an appropriate sanction. *See e.g., PNC Equipment Finance LLC v. California Fairs Financing Authority*, No. CV116248MMMDTBX, 2013 WL 12128689 (C.D. Cal. June 13, 2013) (striking a defendant's counterclaim and answer and entering a default where the defendant failed to appear, comply with court orders, or respond to the court's order to show cause); *Netsuite, Inc. v. CIPC Worldwide Holdings Corp.*, No. C 07-5235 SI, 2008 WL 2812164, at *3 (N.D. Cal. July 21, 2008) (striking an answer and counterclaims for "fail[ure] to meet and confer with plaintiff to prepare a joint case management conference statement, fail[ure] to appear at the initial case management conference,…and fail[ure] to oppose the [motion to strike]").

Thus, the Court concludes that Defendants' conduct demonstrates willfulness, bad faith, or fault and Plaintiff's requested sanctions are appropriate.

## IV.  CONCLUSION

For the foregoing, the Court GRANTS Plaintiff's unopposed motion to strike Defendants' answer and directs the Clerk to enter default against Defendants. Plaintiff is directed to file a motion for default judgment no later than **August 31, 2020**.

**IT IS SO ORDERED.**

Dated: July 30, 2020

_____
BETH LABSON FREEMAN
United States District Judge